UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CHARLES GLENN, | ) |
| :-- | :-- |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:10-CV-164 |
| RAYTHEON COMPANY, et al., | ) |
| Defendants. | ) |

## OPINION and ORDER

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 19.) As the proposed order contains several defects, it will be DENIED.

First, the order's definition of "confidential" information is overly broad and vague, seeking to protect "[i]nformation . . . or tangible things that qualify for protection under standards developed under F. R. Civ. P. 26(c)." (Proposed Stipulated Protective Order § 2.3.) Under *Cincinnati Insurance*, a protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999); *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998). Here, the Court is not satisfied that the parties know what information constitutes protected "confidential" information. *See Cincinnati Insurance*, 178 F.3d at 946.

Also, the proposed order makes no effort to specify why the purported protected materials are confidential. *See id.* (stating that Rule 26(c)(7) allows the Court to enter a protective order for "good cause" shown). "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)). For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury–business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.*

In addition, *Cincinnati Insurance* specifies that protective orders may only issue if the order "makes explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Id.* Here, the proposed order contains no such language with respect to an interested member of the public.

"Obtaining a protective order in an appropriate case need not be a[n] onerous task. But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2. Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.

For these reasons, the Court hereby DENIES approval of the stipulated protective order

2

submitted by the parties (Docket # 19).

SO ORDERED.

Enter for this 27th day of December, 2010.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge